UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

SPECIALTY AUTO PARTS USA, INC.,                                                                  Plaintiff,

v.                                                                      Civil Action No. 1:17-cv-147-DJH-LLK

HOLLEY PERFORMANCE PRODUCTS,
INC.,                                                                                              Defendant.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Specialty Auto Parts USA, Inc. claims breach of contract against Defendant Holley Performance Products, Inc. due to Holley's alleged violation of the parties' settlement agreement. (Docket No. 131) Holley filed an answer to Specialty's amended complaint, asserting several affirmative defenses. (D.N. 140) Specialty now moves to strike these defenses. (D.N. 141) For the reasons explained below, the Court will deny the motion to strike.

**I.**

In 2000, Holley and Specialty began litigating alleged trade-dress appropriation. (D.N. 131-2, PageID # 4762) To resolve the litigation, the parties entered into a "Compromise and Settlement Agreement and Release," in which Holley agreed to "manufacture all of its HP line of main bodies with 6 identification surfaces cast into the main body" and "cast or stamp the word 'Holley' on one of the six flat surfaces on all HP main bodies manufactured for it." (D.N. 131-1, PageID # 4765) The parties also agreed to release claims related to the litigation. (*Id.*, PageID # 4754) In 2012, Specialty reopened the litigation and moved for summary enforcement of the Settlement Agreement. (*See* D.N. 131-7) Specifically, Specialty asserted that Holley violated the Settlement Agreement by (1) bringing previously released claims against Specialty and

(2) failing to comply with the manufacturing requirements as described in the Settlement Agreement. (*See id.*, PageID # 4823; *see also* D.N. 131-1)

The Court ultimately found that Holley violated the Settlement Agreement on both grounds asserted by Specialty and referred the matter to a magistrate judge for report and recommendation as to the appropriate relief. (D.N. 131-2, PageID # 4770–74; *see* D.N. 131-9) The Court adopted the portion of the recommendation that determined that it could grant specific enforcement of the Settlement Agreement by "preclud[ing] Holley from manufacturing, distributing, or selling any breaching products." (D.N. 131-8, PageID # 4985; *see* D.N. 131-9, PageID # 4990–91) The recommendation also suggested that Specialty could bring a separate state-court action for breach of contract in light of Holley's violation of the Settlement Agreement. (D.N. 131-8, PageID # 4976)

In 2017, Specialty initiated an action in Michigan state court, asserting three breach-of-contract claims. (D.N. 1-1, PageID # 31–34) Holley removed the action to federal court (*see* D.N. 1), and the case was transferred to this Court. (D.N. 12) Holley moved to dismiss Specialty's complaint as barred by res judicata (D.N. 30), which the Court granted. (D.N. 44) The Sixth Circuit, however, reversed and reinstated Specialty's claims. (D.N. 48) As to Count II, which alleges that Holley breached the Settlement Agreement by selling non-compliant HP carburetors, the court held that issue preclusion was inapplicable. (*Id.*, PageID # 2495–96; *see* D.N. 1-1, PageID 32–33) In addressing claim preclusion, the court determined that, accepting the facts alleged in the complaint as true, Count II "likely could not have been brought" in the prior Settlement Agreement action. (D.N. 48, PageID # 2495)

Specialty subsequently moved to amend its complaint (D.N. 112), which the Court granted.[1] (D.N. 129) Specialty's only remaining claim is Count II. (*See* D.N. 131) Specialty requests "[a]n award of damages . . . owed to [it] as a result of Holley's actions" and "[a]ll such other relief as th[e] Court may deem just, equitable or appropriate under the circumstances." (*Id.*, PageID # 4750) Holley filed its answer to the amended complaint, asserting several affirmative defenses, including (1) laches; (2) unclean hands; (3) res judicata; (4) failure to state a claim upon which relief can be granted; (5) failure to mitigate damages; and (6) the "American Rule." (D.N. 140) Specialty now moves to strike these defenses. (D.N. 141)

## II.

Federal Rule of Civil Procedure 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike, however, are "viewed with disfavor" and "not frequently granted." *Operating Eng'rs Loc. 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (citing *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977); *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). "A motion to strike should be granted if 'it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings.'" *Id.* (quoting *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991)).

Unlike claims pleaded under Federal Rule of Procedure 8(a)(2), which demands "a short and plain statement of the claim showing that the pleader is entitled to relief," Rule 8(c) requires

---

[1] Prior to moving to amend its complaint, Specialty moved to strike the affirmative defenses asserted in Holley's original answer. (D.N. 58) The Court referred Specialty's motion to strike to Magistrate Judge Lanny King for report and recommendation (D.N. 116), but ultimately denied the motion as moot upon granting Specialty leave to amend. (D.N. 129)

3

a party to "affirmatively state any avoidance or affirmative defenses." Fed. R. Civ. P. 8(a)(2), (c). Therefore, "an affirmative defense need only be 'pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense.'" *Brewer v. Holland*, No. 3:16-CV-14-BJB, 2022 WL 608178, at *1 (W.D. Ky. Mar. 1, 2022) (quoting *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006)) (internal quotation marks omitted); *see Maker's Mark Distillery, Inc. v. Spalding Grp., Inc.*, No. 3:19-CV-00014-GNS-LLK, 2020 WL 1430610, at *2 (W.D. Ky. Mar. 23, 2020) (noting that the Court has "continued to apply the fair notice standard to the pleading of defenses" (citing *Holley Performance Prods., Inc. v. Quick Fuel Tech., Inc.*, No. 1:07-CV-00185-JHM, 2011 WL 3159177, at *3 (W.D. Ky. July 26, 2011))).

**A.     Laches**

Holley asserts the doctrine of laches against Specialty, contending that Specialty knew of Holley's alleged contract breach in 2011 or 2012 and that Specialty's delay in bringing suit prejudiced Holley. (D.N. 140, PageID # 5037–40) The doctrine of laches "serves to bar claims in circumstances where a party engages in unreasonable delay to the prejudice of others rendering it inequitable to allow that party to reverse a previous course of action." *Moore v. Commonwealth*, 357 S.W.3d 470, 494 (Ky. 2011) (quoting *Plaza Condo. Ass'n, Inc. v. Wellington Corp.*, 920 S.W.2d 51, 54 (Ky. 1996)) (internal quotation marks omitted).

In support of its motion to strike, Specialty argues that under Kentucky law, laches cannot be asserted if the statute of limitations has not run on a claim.[2] (D.N. 141-1, PageID # 5194) But

---

[2] The parties assume that Kentucky law governs Specialty's breach-of-contract claim. (*See* D.N. 141-1; D.N. 147) For purposes of this motion, the Court need not determine whether Kentucky or Michigan law applies because both states' laws allow a party to assert laches before the statute of limitations has run if prejudice is shown. *See Innovation Ventures, LLC v. Custom Nutrition Lab'ys, LLC*, 912 F.3d 316, 343 (6th Cir. 2018) (citing *Tenneco Inc. v. Amerisure Mut. Ins. Co.*, 761 N.W.2d 846, 864 (Mich. Ct. App. 2008)); *Moore*, 357 S.W.3d at 494.

4

the Kentucky Supreme Court has held that "[i]f no limitation period has passed, and presumably where there is no such period, 'one claiming a bar based on delay must also show prejudice.'" *Moore*, 357 S.W.3d at 494 (quoting *Plaza Condo.*, 920 S.W.2d at 54); *cf. Bank Josephine v. McGuire*, No. 2004-CA-001002-MR, 2005 WL 856896, at *2 (Ky. Ct. App. Apr. 15, 2005) ("In contrast to a statute of limitations that provides a time period within which the suit must be instituted, laches asks whether the plaintiff in asserting his or her rights was guilty of unreasonable delay that prejudiced the defendants." (quoting 27A Am. Jur. 2d *Equity* § 148) (internal quotation marks omitted)). In its amended answer, Holley asserts that Specialty's delay in initiating the lawsuit "prejudiced Holley because certain witnesses and documents are likely no longer available." (D.N. 140, PageID # 5038) This allegation is sufficient under the "lenient" fair-notice pleading standard for affirmative defenses. *Maker's Mark*, 2020 WL 1430610, at *3 (citing *Lawrence*, 182 F. App'x at 456).

Specialty also argues that the laches is an equitable defense, which can be asserted when a party seeks equitable, not legal, relief, and is therefore unavailable because Specialty seeks only "money damages." (D.N. 141-1, PageID # 5194–95) Specialty maintains that "how monetary relief is measured (i.e. whether one looks to Specialty's lost sales or Holley's ill-gotten profits) does not change the fact" that Specialty "seeks money damages." (*Id.*, PageID # 5195) This assertion, however, conflates damages with monetary relief. *See Hugueley v. Parker*, No. 3:19-CV-00598, 2021 WL 780724, at *2 (M.D. Tenn. Mar. 1, 2021) (explaining that while monetary relief is generally a legal remedy, "a monetary award 'incidental to or intertwined with injunctive relief' may be equitable" (quoting *Chauffeurs, Teamsters & Helpers, Loc. No. 391 v. Terry*, 494 U.S. 558, 571 (1990)) (internal quotation marks omitted); *Cernelle v. Graminex, L.L.C.*, 437 F. Supp. 3d 574, 594 (E.D. Mich. 2020) (noting that disgorgement, an equitable remedy which

"forces 'a defendant to give up the amount of money equal to the defendant's unjust enrichment' . . . may be imposed for the intentional or reckless violation of a settlement agreement" (quoting *Gavriles v. Verizon Wireless*, 194 F. Supp. 2d 674, 681 (E.D. Mich. 2002)) (citing *Kansas v. Nebraska*, 574 U.S. 445, 461 (2015))).

Specialty admits that the monetary relief it seeks could be measured through either "Specialty's lost sales or Holley's ill-gotten profits." (D.N. 141-1, PageID # 5194) The latter measure of monetary relief, also known as "disgorgement of profits," is a potential equitable remedy for a defendant's violation of a settlement agreement. *See, e.g.*, *McKeon Prods., Inc. v. Honeywell Safety Prods. USA, Inc.*, No. 95-CV-76322, 2022 WL 397565 (E.D. Mich. Feb. 9, 2022) (awarding disgorgement when plaintiff proved defendant violated settlement agreement in a trademark case and requested "any relief deemed equitable and just"); *Cernelle*, 437 F. Supp. 3d at 594; *see also Osborn v. Griffin*, 865 F.3d 417, 452 (6th Cir. 2017) ("An equitable disgorgement award seeks to deprive the wrongdoer of his ill-gotten profits." (citing *United States v. Universal Mgmt. Servs., Inc., Corp.*, 191 F.3d 750, 763 (6th Cir. 1999))). Further, Specialty's amended complaint leaves open the possibility of disgorgement as a remedy by requesting "[a]ll such other relief this Court may deem just, equitable or appropriate under the circumstances." (D.N. 131, PageID # 4749–50) Accordingly, the Court cannot find that Specialty seeks only damages and thus will not strike Holley's laches defense. *See Operating Eng'rs*, 783 F.3d at 1050.

**B.     Unclean Hands**

Specialty also moves to strike Holley's unclean-hands defense. (D.N. 141-1, PageID # 5196; *see* D.N. 140, PageID # 5040) "Under the 'unclean hands doctrine,' a party is precluded from judicial relief if that party 'engaged in fraudulent, illegal, or unconscionable conduct' in

connection 'with the matter in litigation.'" *Mullins v. Picklesimer*, 317 S.W.3d 569, 577 (Ky. 2010) (quoting *Suter v. Mazyck*, 226 S.W.3d 837, 843 (Ky. Ct. App. 2007)). Specialty argues that the doctrine of unclean hands is available only when a plaintiff seeks equitable relief, and thus this defense is "irrelevant as a matter of law." (D.N. 141-1, PageID # 5196) As previously explained, however, Specialty's amended complaint leaves open the possibility of equitable relief, and the Court therefore cannot strike the unclean-hands defense on this ground. (*See* D.N. 131, PageID # 4749–50)

Specialty additionally contends that Holley cannot prove the unclean-hands defense because the amended answer asserts that Specialty brought several suits against Holley arising from "the same set of operative facts" to "harass Holley and artificially increase Holley's cost of defense." (D.N. 140, PageID # 5041) This contention, Specialty maintains, does not sufficiently allege that Specialty engaged in misconduct related to the matter in this litigation, as required under the unclean-hands doctrine. (D.N. 141-1, PageID # 5197 (quoting *Eline Realty Co. v. Foeman*, 252 S.W.2d 15, 19 (Ky. 1952))) But Federal Rule of Civil Procedure 8(c) contemplates a lenient standard for stating affirmative defenses, and the Court cannot at this point find that it "appears to a certainty" that Holley's unclean-hands defense will fail. *Operating Eng'rs*, 783 F.3d at 1050; *see* Fed. R. Civ. P. 8(c). The Court will therefore deny Specialty's motion to strike as to this affirmative defense.

**C.  Res Judicata**

In the amended answer, Holley asserts res judicata (D.N. 140, PageID # 5035), which Specialty moves to strike. (D.N. 141-1, PageID # 5204) Specialty argues that the Sixth Circuit previously determined that res judicata did not apply to Count II, Specialty's only remaining claim, in its opinion reinstating Specialty's complaint. (*Id.*, PageID # 5204–05; *see* D.N. 48) In

7

its decision, however, the court noted that it accepted all well-pleaded factual allegations in Specialty's complaint as true, as required when reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (D.N. 48, PageID # 2495) Moreover, the court found only that Specialty's claim "likely could not have been brought in the" parties' prior litigation. (*Id.*) The Court therefore cannot find with "certainty" at this stage that Holley's assertion of res judicata will fail. *Operating Eng'rs*, 783 F.3d at 1050.

**D.     Failure to State a Claim**

Specialty also moves to strike Holley's allegation that the amended complaint "fails to state a claim upon which relief can be granted," arguing that it is not an affirmative defense. (D.N. 141-1, PageID # 5208; *see* D.N. 140, PageID # 5032) While Specialty is correct that "failure to state a claim" is not an affirmative defense, "mistakenly categorizing a negative defense as an affirmative defense is not grounds to strike the defense." *Brewer*, 2022 WL 608178, at *2 (quoting *Whiting v. Albek*, No. ED CV 19-1542-DMG, 2020 WL 7382777, at *4 (C.D. Cal. Oct. 30, 2020)) (internal quotation marks omitted); *see Operating Eng'rs*, 783 F.3d at 1050 ("Rule 12(f) allows a court to 'strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'"). The Court will therefore deny Specialty's motion as to this defense.

**E.     The American Rule and Failure to Mitigate**

In its amended answer, Holley asserts that Specialty should be obligated to pay its own attorney fees pursuant to the "American Rule" and that Specialty failed to mitigate its damages. (D.N. 140, PageID # 5033–34) Specialty moves to strike these defenses, contending that the American Rule is not an affirmative defense and that it is not seeking attorney fees in this action. (D.N. 141-1, PageID # 5209) In support, Specialty submits a "proposed stipulated order,"

waiving its right to seek attorney fees and dismissing Holley's failure-to-mitigate and American-Rule defenses. (D.N. 151-1) This proposed stipulated order, however, is not signed by Holley's counsel. (*See id.*, PageID # 5721) Moreover, to the extent that Specialty seeks to amend its complaint for a second time to clarify that it is not seeking attorney fees, the Court need not grant amendment where a party does not file a motion or provide a proposed amended complaint. *See Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 844 (6th Cir. 2012). For these reasons, the Court cannot strike Holley's affirmative defenses pursuant to the "proposed stipulated order." *See id.* Specialty's remaining argument that the "American Rule" is not an affirmative defense, as previously explained, "is not grounds to strike." *Brewer*, 2022 WL 608178, at *2. The Court will therefore deny Specialty's motion as to these defenses.

### III.

Specialty has failed to show that "it appears to a certainty that [it] would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings." *Operating Eng'rs*, 783 F.3d at 1050. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Specialty's motion to strike (D.N. 141) is **DENIED**.

March 21, 2022

David J. Hale, Judge
United States District Court